IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JAMES COLBURN,<br><br>        Petitioner,<br><br>vs.<br><br>JAMES SALMONSON,<br><br>        Respondent. | Cause No. CV 18-18-M-DLC-JCL<br><br>AMENDED ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner James Colburn's application for writ of habeas corpus under 28 U.S.C. §2254, filed January 31, 2018. Colburn is a state prisoner proceeding pro se.

## I.    Background

Colburn was one of a group of petitioners that joined in filing what they characterized as an "En Masse Petition for Writ of Habeas Corpus as per 28 U.S.C. § 2254 and Rule 20(a) and Rule 23 of the Federal Rules of Civil Procedure." (Doc. 2). The "en masse" petitioners sought to challenge the constitutionality of the criminal charging process utilized against them by the State of Montana. *Id*. at 20-34.

Colburn, and the additional petitioners, were notified that the Court would not allow them to proceed as a group and that separate cases would be opened for

each. (Doc. 1 at 2-5). Petitioners were then ordered to respond individually to advise the Court whether or not they wished to proceed and, if so, petitioners were directed to each complete the Court's standard habeas form. *Id*. at 5-6. Colburn did not respond to this Court's order.

### i. Motion for Leave to Proceed in Forma Pauperis

Colburn has moved this Court to be granted in forma pauperis status. (Doc. 3). Because there is no reason to delay this matter further, Colburn's motion will be **GRANTED**.

### ii. Supplement to Petition

In a Supplement to his Petition, Colburn asks this Court to dismiss Sexual Assault, Sexual Intercourse without Consent, and Attempted Sexual Abuse of Children convictions handed down in Montana's Twenty-First Judicial District Court, Ravalli County, in Cause Nos. DC-1-2013-49 and DC-2013-198. (Doc. 4 at 1).[1] The argument is premised upon what Colburn believes to be a faulty and unconstitutional state criminal charging process utilized in felony prosecutions. *Id*.[2] Colburn contends he was entitled to be prosecuted either following the empaneling of a grand jury or a preliminary probable cause hearing. *Id*.

But this Court is not able to provide Colburn the relief sought. Federal

---

[1] *See also* Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3012833 (accessed March 16, 2018).
[2] All of the "en masse" petitioners filed an identical supplement, but each specified his individual state-court conviction(s).

2

district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decisions"). It would be entirely inappropriate for this Court to review and dismiss the state convictions as suggested by Colburn. To the extent that the Supplement (Doc. 4) is construed as a Motion to Dismiss, the motion is **DENIED**.

### iii. 28 U.S.C. § 2254 Petition

As noted, Colburn has not filed an individual petition for habeas corpus relief as directed. And as stated in this Court's prior order of February 6, 2018, Colburn is precluded from filing his request for habeas relief en masse with other petitioners. (Doc. 1 at 2-6). Dismissal on that ground is appropriate. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)(explaining that dismissal for technical procedural reasons should not bar prisoners from ever obtaining federal habeas review)(citing *United States ex rel. Barnes v. Gilmore*, 968 F. Supp 384, 385 (N.C. Ill. 1997) and *Marsh v. U.S. Dist. Court for Northern Dist. of California*, 1995 WL 23942 at *1 (N.D. Ca. 1995)). Recognizing that courts generally treat pro se habeas petitioners leniently, the dismissal should be without prejudice. *Castro v. United States*, 540 U.S. 375, 377 (2003); *Woods v. Carey*, 525 F. 3d 886,

889-90 (9th Cir. 2008).

## II.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims advanced by Colburn do not appear to make a substantial showing that he was deprived of a constitutional right. No reasonable jurist would suggest the Court go forward with the case without Colburn's participation. A certificate of appealability should be denied because reasonable jurists would find no reason to encourage further proceedings.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Colburn's Motion to Proceed in Forma Pauperis (Doc. 3) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

2. To the extent that Colburn's Supplement (Doc. 4) is construed as a Motion to Dismiss, the request is DENIED.

**RECOMMENDATION**

1. Colburn's Petition (Doc. 2) should be DISMISSED without prejudice.

2. The Clerk of Court should be directed to enter a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Colburn may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Colburn must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Colburn is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

DATED this 18th day of April, 2018.

                                                       */s/ Jeremiah C. Lynch*
                                                       Jeremiah C. Lynch
                                                       United States Magistrate Judge